IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN CARLOS TOPETE CAMACHO,<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN OF DAKOTA COUNTY JAIL;<br>FIELD OFFICE DIRECTOR OF<br>ENFORCEMENT AND REMOVAL<br>OPERATIONS, FORT SNELLING FIELD<br>OFFICE; IMMIGRATION AND<br>CUSTOMS ENFORCEMENT; TODD M.<br>LYONS, Acting Director, U.S. Immigrations<br>& Customs Enforcement; MARKWAYNE<br>MULLIN, Secretary, U.S. Department of<br>Homeland Security;  U.S. DEPARTMENT<br>OF HOMELAND SECURITY;  U.S.<br>ATTORNEY GENERAL; and DAREN K.<br>MARGOLIN, Director, Executive Office for<br>Immigration Review,<br><br>                    Respondents. | 8:26CV155<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on petitioner Juan Carlos Topete Camacho's ("Topete Camacho") Petition for Writ of Habeas Corpus (Filing No. 1). He names as respondents the Warden of Dakota County Jail (the "warden"); Field Office Director of Enforcement and Removal Operations, Fort Snelling Field Office; United States Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director of ICE; the United States Department of Homeland Security ("DHS"); Markwayne Mullin, Secretary of DHS; the United States Attorney General; and Daren K. Margolin, Director

of the Executive Office for Immigration Review (together, "respondents").[1]   For the following reasons, the Court denies his petition.

Topete Camacho states he is unlawfully detained at the Dakota County Jail in Dakota City, Nebraska.  He seeks a writ of habeas corpus under 28 U.S.C. § 2241 to enforce his rights as a "member[ ] of the Bond Eligible Class" certified by a district court in *Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Under 28 U.S.C. § 2243, a court "entertaining an application for a writ of habeas corpus" must either "award the writ" or issue an order "to show cause why the writ should not be granted" or deny the writ because the applicant is not entitled to it.  *See*, *e.g.*, *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022) ("Under 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." (quoting 28 U.S.C. § 2243)).

Here, Topete Camacho falls within the exception to § 2243's mandatory-hearing requirement.  And the Court need not "issue an order to show cause why the writ should not be granted," because "it appears from the application that [Topete Camacho] is not entitled to" relief.  28 U.S.C. § 2243.

Federal district courts are authorized to grant habeas relief only "within their respective jurisdictions."  28 U.S.C. § 2241(a).  "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  Topete Camacho's only

---

[1]"[A]n official-capacity suit is a suit against a government entity 'in all respects other than name.'"  *Banks v. Slay*, 875 F.3d 876, 880-81 (8th Cir. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  Naming ICE and DHS in addition to the heads of those government agencies in their official capacities is redundant.  *See Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994).

claim for relief is that he is a member of the nationwide, declaratory relief class in the *Maldonado Bautista* litigation, and is therefore entitled to the relief ordered in that action. But he has failed to establish that he is confined in the Central District of California. *See Padilla*, 542 U.S. at 443. Thus, the *Maldonado Bautista* court does not have jurisdiction over him, and he is not entitled to relief ordered by that court. *See id.*; *Alberto Rodriguez v. Jeffreys*, No. 8:25CV714, 2025 WL 3754411, at *7-11 (D. Neb. Dec. 29, 2025) (explaining that the Central District of California lacked jurisdiction over a § 2241 petition because the petitioner was detained exclusively in Nebraska); *id.* at *9 (concluding that the "purported 'universal injunction' in the class action in the Central District of California in *Maldonado Bautista* runs afoul of the fundamental subject-matter jurisdiction principle in 'core' habeas cases that the only proper district . . . is the district [where] the petitioners are confined").

There are many more reasons why the decisions in *Maldonado Bautista* are not binding on this Court. *See*, *e.g.*, *Ore Falcon v. Wofford*, No. 1:26-CV-00181-WBS-EFB, 2026 WL 171927, at *2 (E.D. Cal. Jan. 22, 2026) (explaining a few). Not only is *Maldonado Bautista* not binding, but the statutory interpretation underpinning its purported mandate directly conflicts with recent Eighth Circuit precedent. *See Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *5-6 (8th Cir. Mar. 25, 2026) (holding that aliens who are "applicants for admission" under 8 U.S.C. § 1225(a) are also "seeking admission" and thus subject to mandatory detention under § 1225(b)(2)); *see also Hood v. United States*, 342 F.3d 861, 865 (8th Cir. 2003) (noting that district courts are "bound . . . to apply the precedent of this Circuit").

Because the decisions in *Maldonado Bautista* are not binding on this Court and are directly contrary to Eighth Circuit precedent, the Court denies Juan Carlos Topete Camacho's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Filing No. 1).

IT IS SO ORDERED.

Dated this 17th day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge